86 So. 729; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1.

For the reasons assigned, the judgment of the Court of Appeal herein under review is affirmed, at relator's cost.

ODOM, J., dissents.

NOTE:—In this case, an application for rehearing was filed; pending which, the case was compromised.

165 So. 314

## STATE ex rel. SCANLAN et al. v. CITY OF HAMMOND.

No. 33559.

Jan. 6, 1936.

Ellis, Ellis & Ellis, of Amite, and Allen B. Pierson, of Ponchatoula, for applicants Thomas S. Scanlan and Beulah M. Isom.

Columbus Reid, of Hammond, and Allen B. Pierson, of Ponchatoula, for respondent City of Hammond.

O'NIELL, Chief Justice.

In June, 1933, the board of aldermen of the City of Hammond elected Thomas S. Scanlan as clerk and tax collector for the city, and elected or employed Miss Beulah M. Isom as assistant clerk and bookkeeper. On the 11th day of June, 1935, the board of aldermen met and discharged or removed Scanlan and Miss Isom from office. They brought suits, separately, for an injunction against the city of Hammond and the mayor and board of aldermen to avoid being removed from office before the expiration of their term of office or employment, claiming that the term had not expired. The suits were allotted to Division B of the district court on the 29th of June, 1935. The judge of that division of the court issued a rule on the mayor and board of aldermen, in each case, commanding them to show cause on the 3d day of July, 1935, why a preliminary injunction should not issue. On the 1st day of July, 1935, the city of Hammond, through its board of aldermen, brought suit for an injunction against Scanlan and Miss Isom to prevent their exercising the functions of the offices or positions which they had held, respectively, or from interfering with their successors. In that suit, the judge presiding in Division A of the district court issued a rule on Scanlan and Miss Isom, on the 1st day of July, 1935, commanding them to show cause on the 5th day of July, 1935, why a preliminary injunction should not be issued. Meanwhile, that is to say, on

the 3d day of July, 1935, the injunction suits which Scanlan and Miss Isom had brought against the city of Hammond were taken up and heard by the judge presiding over Division B of the court, and the suits were submitted for decision on a statement of facts, which was agreed to. Judgment was rendered in favor of Scanlan, maintaining him in office for the unexpired portion of his term, which was decreed to be two years from the 1st day of June, 1935. In Miss Isom's suit, the judge sustained an exception of no cause of action and dismissed the suit. Therefore, on the 5th day of July, 1935, when the suit which the city of Hammond had brought against Scanlan and Miss Isom came up, in Division A of the court, on the rule to show cause why a preliminary injunction should not be granted to the city, Scanlan had a judgment in his favor, rendered by the judge presiding in Division B of the court; and, although Miss Isom's suit had been dismissed on the exception of no cause of action, she had time yet in which to take a suspensive appeal, or even to apply for a rehearing or new trial. Scanlan and Miss Isom, therefore, on the 5th day of July, 1935, filed pleas to the jurisdiction of the court, and, in the alternative, pleas of lis pendens or res judicata, in defense of the suit which the city of Hammond had brought against them. The judge presiding over Division A of the court overruled the pleas which were filed by Scanlan and Miss Isom, and made the rule absolute, granting to the city of Hammond a preliminary injunction. Scanlan and Miss Isom have brought the case here on a writ of certiorari and alternative writs of prohibition and mandamus.

The judge in Division A of the district court and the city of Hammond both have failed to file an answer or to make an appearance in this court, in response to the writ of certiorari or the rule to show cause why the relief prayed for by Scanlan and Miss Isom should not be granted. The judge, having no personal interest in the matter, perhaps considers that the reasons which he assigned for his rulings are sufficient, and that no answer on his part is necessary. The failure of the city of Hammond to answer the writ of certiorari or the rule nisi is an indication that the city has no further interest in the matter.

Our opinion is that the pleas filed by Scanlan and Miss Isom, in defense of the suit which the city of Hammond brought against them, were well founded. The issues which were tendered by the city in that suit were the same issues that were tendered in the suits which had been brought against the city by Scanlan and Miss Isom; and the issues in the suit of the city against Scanlan and Miss Isom were between the city and the same parties who were parties to the two suits originally brought by Scanlan and Miss Isom against the city of Hammond. The judge presiding in Division A of the district court, therefore, should not have exercised jurisdiction over the suit of the city of Hammond against Scanlan and Miss Isom while their suits against the city were pending, or even after they were decided, and before the judgments had become final.

Article 94 of the Code of Practice, after declaring that the same suit shall not be brought twice, either in the same court or in separate courts, even though they have concurrent jurisdiction, declares: "The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismisssed in the other suit or by the other court."

### Decree.

The alternative writs of prohibition and mandamus are made absolute, and, accordingly, the suit entitled City of Hammond v. Miss Beulah Isom and T. S. Scanlan, No. 7020, in Division A of the Twenty-First judicial district court for the parish of Tangipahoa, is ordered dismissed at the cost of the plaintiff, city of Hammond. The city of Hammond is to pay also the costs of this proceeding.